IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-093 |
| | ) | |
| HENRY CARSWELL DUNN, JR. | ) | |

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Henry Carswell Dunn, Jr. The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and Carlton R. Bourne, Jr., Assistant United States Attorney, has filed a combined response to these motions.

### GENERAL DISCOVERY MOTION, including REQUEST FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

As to Defendant's general discovery requests, (doc. no. 12-1), the Court is aware of the "open file" discovery policy followed by the United States Attorney in this District, and the government responds that it is indeed following a liberal discovery policy in this case. The government has provided Defendant with discovery materials consisting of the investigative reports, scientific reports, and other documents material to this case (attorney and agent work product excepted). Although the government's response does not explicitly state that all known statements by Defendant, as well as his criminal record, have also been produced, the Court presumes that such items have been produced pursuant to the government's "open file" discovery policy. In any event, the Court finds that the position

of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders Defendant's discovery requests **MOOT**.

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit, not later than five (5) days from the date of this Order, a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

As to the request for disclosure of exculpatory and impeaching material in accordance with the principles of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the Court notes that to some extent, Defendant's request exceeds the scope of <u>Brady</u>. <u>Brady</u> material includes information that is favorable to a defendant and material to the issues of guilt or punishment. <u>Brady</u>, 373 U.S. at 87; <u>United States v. Agurs</u>, 427 U.S. 97 (1976). This request is **GRANTED** (doc. no. 12-2) to the extent that the government must provide all <u>Brady</u> material to Defendant within five (5) days of the date it

is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and inconvenience to the Court and jury. The government does not oppose the motion.[1] Accordingly, the government is **INSTRUCTED** to provide Jencks Act materials seven (7) days prior to trial to provide defense counsel a meaningful opportunity to assess these statements. (Doc. no. 13).

SO ORDERED this 24th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] The government states that it is willing to provide Jencks Act materials, including grand jury transcripts, one week prior to trial. (Doc. no. 20, pp.1, 4).